UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ZERAK BROWN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:25-cv-00027-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This 28 U.S.C. § 2255 habeas matter is before the Court upon multiple motions filed by movant Zerak Brown, including a "Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs," a motion for appointment of counsel, and a motion for an evidentiary hearing. ECF Nos. 3 & 5-6. For the reasons discussed below, these motions will be denied without prejudice. A Case Management Order will issue separately in this matter.

**Motion to Proceed Without Prepayment**

Because there is no filing fee for a § 2255 habeas case, Brown need not be granted *in forma pauperis* status in order to maintain this action. *See* Rule 3, Advisory Committee Notes of the Rules Governing Section 2255 Proceedings. Thus, to the extent that Brown is seeking leave to initiate this action *in forma pauperis* in order to avoid prepaying the filing fee, this request is moot. A review of the file indicates that Brown may be filing this motion for a determination of his pauper status for other reasons, like his pending motion for appointment of counsel. However, Brown does not state as much in his motion. As

discussed below, Brown's motion for appointment of counsel will be denied for different reasons. As such, a determination of Brown's indigency status is not required at this time. Brown's motion to procced without prepayment of fees and costs will be denied as moot without prejudice. Brown may refile for such relief, if and when, it becomes necessary in this litigation.

## Motions for Evidentiary Hearing and Appointment of Counsel

Brown also filed motions for appointment of counsel and for an evidentiary hearing. These motions will be denied without prejudice because they are premature. A movant "is entitled to an evidentiary hearing [on a section 2255 motion] … unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) (citation omitted) (quoting 28 U.S.C. § 2255(b)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

In this case, it is too early in the proceeding for the Court to determine whether an evidentiary hearing is necessary, as Respondent has not yet answered the motion and all the pertinent files and records are not yet before the Court. The Court has not had the opportunity to assess whether the facts alleged by Brown, if true, would entitle him to relief. Thus, the Court will deny Brown's motion for evidentiary hearing at this time. After receiving Respondent's brief—which will be due no later than forty-five (45) days from

the date of the Case Management Order—the Court will be able to determine whether an evidentiary hearing is necessary.

Furthermore, there is neither a statutory nor constitutional right to appointed counsel in proceedings pursuant to 28 U.S.C. § 2255. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (rejecting suggestions that a right to counsel on discretionary appeals be established, and explaining "that the right to appointed counsel extends to the first appeal of right, and no further"); *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964) (stating that "a federal convict filing a motion under § 2255 is not entitled, as a matter of constitutional right, to have court-appointed counsel in the preparation and presentation of such a motion in the District Court or the Court of Appeals"). Rather, the Court may appoint counsel in a § 2255 case if the interests of justice so require. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action" and that appointment of counsel is reviewed "for abuse of discretion").

Again, Respondent has not yet answered in this case, and no evidentiary hearing has been scheduled. Brown's motion for appointment will be denied, subject to filing at a later date, if and when, such a hearing is scheduled. If this Court determines that an evidentiary hearing should be held, it will appoint counsel for that purpose pursuant to Rule 8(c) of the Rules for Section 2255 Proceedings. However, Brown is not entitled to the assistance of counsel for the filing of a Section 2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that Brown's Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **DENIED as moot without prejudice**.

**IT IS FURTHER ORDERED** that Brown's motion for appointment of counsel [ECF No. 5] is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that Brown's motion for an evidentiary hearing [ECF No. 6] is **DENIED without prejudice**.

A Case Management Order will be issued separately in this matter.

Dated this 20th day of February, 2025.

                                        STEPHEN N. LIMBAUGH, JR.
                                        SENIOR UNITED STATES DISTRICT JUDGE